[Civ. No. 9750. Second Appellate District, Division Two.—April 11, 1935.]

HARRY GLESBY, Appellant, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY (a Corporation), Respondent.

Abe Richman and Thomas L. Nair for Appellant.

George L. Greer for Respondent.

FRICKE, J., *pro tem.*—Prior to the present action, appellant recovered a judgment against Morgan Prime Lee and J. E. Matson for malpractice in the treatment of appellant. In the present action, appellant seeks to recover the amount of this judgment under a liability policy issued by respondent to Morgan Prime Lee, an osteopathic physician and surgeon.

It appears that J. E. Matson was not a graduate of a medical school nor was he licensed to practice osteopathy or medicine in this state. Appellant contends that there is no evidence to support the findings of the trial court that at the time in question, J. E. Matson was the assistant of Dr. Lee but an examination of the record discloses evidence sustaining this finding and, with such support in the record, that finding is conclusive here.

Respondent's policy of insurance provides that it shall not cover bodily injuries "(1) Caused by the assured or any assistant of the assured while to any degree under

the influence of intoxicants, anaesthetics or narcotics or while engaged in or as the result of performance of any unlawful act; (2) Caused as the result of criminal malpractice or the violation of any law or ordinance by the assured or any partner or assistant or substitute of the assured."

The basic question on this appeal is whether under these circumstances appellant could prevail in this action.

The liability of respondent under its policy of insurance is dependent upon the conditions in that contract. As J. E. Matson, the assistant of Dr. Lee, was without any license to heal the sick and afflicted in this state, his act in the treatment of appellant and the conduct of Dr. Lee in knowingly permitting such treatment made them both guilty of a violation of law and the performance of an unlawful act. The evidence sustains the conclusion that appellant's injuries were due to the lack of skill exercised by J. E. Matson, the unlicensed assistant, and were the result of the use by Dr. Lee of an unqualified and nonlicensed assistant in violation of the provisions of law. The loss is, therefore, one not covered by the insurance policy of respondent. (See *Betts* v. *Massachusetts etc. Co.*, 90 N. J. L. 632 [101 Atl. 257, Ann. Cas. 1918E, 520].)

The judgment is sustained.

Stephens, P. J., and Crail, J., concurred.